**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMESH AMMANA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AGELIX CONSULTING LLC, *et al.*,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 25-2696 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

　　This matter comes before the Court upon Defendants Agelix Consulting, LLC ("Agelix") and Abinash Parida's ("Parida," and together with Agelix, "Defendants") Motion to Dismiss (ECF No. 6) Plaintiff Ramesh Ammana's ("Plaintiff") Complaint (ECF No. 1-1). Plaintiff opposed (ECF No. 8), and Defendants replied (ECF No. 9). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

　　Plaintiff's Complaint includes seven counts and alleges: (1) a violation of the New Jersey State Wage and Hour Law, N.J. Stat. Ann. § 34:11, N.J. Admin. Code § 12:56 (the "NJWHL") for failure to pay straight time ("Count One"); (2) a violation of NJWHL for failure to pay overtime ("Count Two"); (3) a violation of the overtime wage provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 206(a), 207(a) ("Count Three"); (4) breach of contract ("Count Four"); (5) breach of implied covenant of good faith and fair dealing ("Count Five"); (6) quantum meruit ("Count Six"); and (7) unjust enrichment ("Count Seven").[1] (Compl. ¶¶ 19-62, ECF No. 1-1.) Defendants move to dismiss this Complaint. (*See generally* Defs.' Moving Br., ECF No. 6-4.)

---

[1] Counts Four through Seven are only alleged against Agelix. (Compl. ¶¶ 37-62.)

Federal Rule of Civil Procedure[2] 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Defendants do not specify in their moving brief which counts they seek to dismiss.[3] (*See generally* Defs.' Moving Br.) Defendants' primary argument, however, is that the Complaint should be dismissed as a matter of law because Plaintiff alleges facts sufficient to establish that he was engaged in work that is exempt under the FLSA and NJWHL. (*Id.* at 5.) As Plaintiff notes (*see* Pl.'s Opp'n Br. 1-2, ECF No. 8), should the Court find that Plaintiff is an exempt employee under the FLSA and NJWHL, such a finding would only subject Counts Two and Three to dismissal because Count One does not have exemptions under the NJWHL and Counts Four through Seven are not brought under the FLSA or NJWHL.[4] Accordingly, to the extent Defendants seek to dismiss Counts One and Four through Seven, the motion is denied.

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[3] Defendants state in their reply brief, though, that the "basis for dismissal applies to all of the Plaintiff's claims, as they are inextricably connected with the Plaintiff's common law claims [Counts Four through Seven] squarely premised upon the Plaintiff's claims for relief for the Defendants' alleged violations of the [FLSA and NJWHL.]" (Defs.' Reply Br. 2, ECF No. 9.) Defendants do not provide any law to support this position. (*See generally id.*)

[4] Count One involves the straight pay provision of the NJWHL. (Compl. ¶¶ 19-23.) This provision of the NJWHL, however, does not have the exemptions that the overtime provision has. *Compare* N.J. Stat. Ann. § 34:11-4.10(c) *with* N.J. Stat. Ann. § 34:11-56a4(b)(1). Counts Four through Seven involve common law claims. (*See* Compl. ¶¶ 37-62.)

2

Counts Two and Three allege violations of the overtime provisions of the NJWHL and FLSA,[5] respectively. (Compl. ¶¶ 24-36.) The FLSA and NJWHL provide for, *inter alia*, "'overtime guarantees that cannot be modified by contract'" which require an employer to pay one and one-half times the employee's regular rate for hours worked in excess of forty hours per week. *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)); 29 U.S.C. §§ 206, 207; N.J. Stat. Ann. § 34:11-56a4(b)(1).

Certain employees, however, are exempt from the overtime requirement. 29 U.S.C. § 213(a)(1). An employee is "administrative" and therefore exempt if the employee is, *inter alia*, "[c]ompensated on a salary[6] or fee[7] basis" and primarily performs "office or non-manual work directly related to management or general business operations[.]" 29 C.F.R. § 541.200(a); N.J. Stat. Ann. § 34:11-56a4(b)(1). An employee serving as an "outside salesman" is also exempt under the FLSA if that employee "customarily and regularly engage[s] 'away from the employer's place or places of business'" and "makes sales at the customer's place of business or, if selling door-to-door, at the customer's home." 29 C.F.R. §§ 541.500(a), 541.502.

---

[5] Because of the overlap in the FLSA and NJWHL, the Court addresses these claims together. *See, e.g., Lin v. Fada Grp.*, No. 20-5942, 2021 WL 423757, at *3 (D.N.J. Feb. 4, 2021) (considering plaintiff's FLSA and NJWHL claims together because "[t]he NJWHL mirrors its federal counterpart"); *Thompson v. Real Estate Mortg. Network, Inc.*, 106 F. Supp. 3d 486, 490 (D.N.J. 2015) ("New Jersey courts have repeatedly emphasized that the NJWHL . . . was purposely drafted in parallel with the FLSA.").

[6] "Salary basis" means that "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).

[7] "Fee basis" means "the employee is paid an agreed sum for a single job regardless of the time required for its completion." 29 C.F.R. § 541.605(a).

Defendants argue that Plaintiff's allegations detailing his pay and the scope of his work establish as a matter of law that he is exempt under the FLSA and NJWHL. (Defs.' Moving Br. 5-6.) Plaintiff opposes, arguing the exemption does not apply because "he was paid on an hourly basis, not on a salary or fee basis, which is a prerequisite to the application of the administrative exemption" and because, at a minimum, a dispute of fact exists as to his pay and the scope of his work. (Pl.'s Opp'n Br. 9-11.)

The Court finds that Plaintiff sufficiently alleges a claim for overtime wages under the FLSA and NJWHL. The Third Circuit takes a "middle-ground approach" to the pleading requirement for an overtime FLSA claim, requiring "'to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of the [forty] hours." *Davis*, 765 F.3d at 241-42 (alteration and emphasis in original) (quoting *Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 114 (2d Cir. 2013)); *see also Lin*, 2021 WL 423757, at *3. Here, Plaintiff's Complaint does not include *any* allegations that he was paid on a salary or fee basis and instead alleges[8] that he was to be paid at two different hourly rates, that the number of hours he worked varied weekly but always exceeded forty hours per week, and that Defendants did not pay him for any of his overtime work. (Compl. ¶¶ 8, 16, 18.) Plaintiff's Complaint further alleges that his job entailed, *inter alia*, marketing and client development, consulting, and securing client contracts, as well as sales duties. (*Id.* ¶¶ 9-10.)

To the extent Defendants contend that Plaintiff is exempt because his activities are only sales-related or the way Plaintiff was paid is more aligned with a salary or fee basis, that involves

---

[8] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

a dispute of fact that cannot be resolved at this stage. (*See* Defs.' Moving Br. 5-6; Pl.'s Opp'n Br. 7-8); *see also Donovan v. Pub. Pol'y Ctr. of N.J.*, No. 05-1181, 2006 WL 1373230, at * 8 (D.N.J. May 17, 2006) (noting analysis of whether an employee is exempt is "fact intensive" and "a conclusion that the plaintiffs are exempt at this early stage of the litigation [on a motion to dismiss] would be premature"); *Oddo v. Bimbo Bakeries USA, Inc.*, No. 16-4267, 2017 WL 2172440, at *13 (D.N.J. May 17, 2017) ("Whether the plaintiffs fall within an exemption [under FLSA] must be determined by the facts brought out through ordinary discovery."); *but see Resch v. Krapf's Coaches, Inc.*, 785 F.3d 869, 872 n.6 (3d Cir. 2015) (The ultimate question of "[w]hether [Plaintiff's] 'particular activities excluded them from the overtime benefits of the FLSA is a question of law.'" (quoting *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986))). Accordingly, Defendants' motion to dismiss Counts Two and Three is denied.

Based on the foregoing,

IT IS, on this 22nd day of September 2025, **ORDERED** as follows:

1. Defendants' Motion to Dismiss (ECF No. 6) is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**